UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 22-006 (DWF)

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>JEROME FLETCHER HORTON, JR.,  )<br>  )<br>Defendant.  ) | PLEA AGREEMENT<br>AND SENTENCING<br>STIPULATIONS |

The United States of America and Jerome Fletcher Horton, Jr., (hereinafter referred to as "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The Defendant agrees to plead guilty to Count 1 of the Information, which charges the Defendant with false statement during the purchase of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

2. **Factual Basis.** The Defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

On July 31, 2021, the Defendant purchased a Mossberg model MC2C 9mm semiautomatic pistol bearing serial number 017520MC. The Defendant purchased the firearm from Fleet Farm, a federally licensed dealer of firearms within the meaning of

Chapter 44, Title 18 of the United States Code, in Blaine, Minnesota. When the Defendant purchased the firearm, the Defendant executed a Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Form 4473 in connection with the purchase of the firearm. On this form, the Defendant stated he was the actual buyer of the firearm. In fact, the Defendant was not the actual buyer of the firearm, but was buying it for another individual, with the intent to transfer it to that individual. The Defendant had reason to believe the person to whom the Defendant transferred the firearm was prohibited from possessing firearms.

An ATF special agent checked with other federally licensed dealers of firearms, in and around the Twin Cities metropolitan area, and reviewed other documents and records. The agent determined that the Defendant purchased a total of at least 33 firearms from June 15, 2021, through October 17, 2021.

The ATF agent also searched the Defendant's phone and social media account pursuant to search warrants, and found that the Defendant had attempted to transfer semiautomatic firearms with attached magazines that could accept more than 15 rounds of ammunition.

The Defendant stipulates and agrees that on July 31, 2021, he knowingly and voluntarily made a false written statement to Fleet Farm, a federally licensed dealer of firearms. This false statement was made in connection with the acquisition of a firearm, and was intended and likely to deceive Fleet Farm about a fact material to the lawfulness of the sale of the firearm.

The Defendant further stipulates that he purchased 32 additional firearms from federally licensed dealers of firearms in and around the Twin Cities area, and made similar

2

false statements in connection with the purchase of all of them.

3.  **Statutory Penalties.**  The parties agree that Count 1 of the Information carries statutory penalties of:

    a.  a maximum term of imprisonment of 10 years;

    b.  a supervised release term of up to three years;

    c.  a fine of up to $250,000; and

    d.  a mandatory special assessment of $100.00.

4.  **Revocation of Supervised Release.**  The Defendant understands that if he were to violate any condition of supervised release, the Defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

5.  **Guideline Calculations.**  The parties acknowledge that the Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a.  <u>Base Offense Level.</u>  The parties agree that, because the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine, and the Defendant violated 18 U.S.C. § 922(a)(6) and committed the offense with knowledge, intent, or reason to believe that the offense would result in the transfer of a firearm to a prohibited person, the base offense level for Count 1 of the Information is **20**.  U.S.S.G. § 2K2.1(a)(4)(B).

b. <u>Specific Offense Characteristics</u>. The parties agree that, because the offense involved between 25 and 99, the base offense level should be increased by **6** levels. U.S.S.G. § 2K2.1(b)(1)(C). The parties agree that no other specific offense characteristics apply.

c. <u>Chapter 3 Adjustments</u>. The parties agree that, other than credit for acceptance of responsibility, no Chapter 3 adjustments apply.

d. <u>Acceptance of Responsibility</u>. The United States agrees to recommend that the Defendant receive a **3**-level reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, the Defendant understands and agrees that this recommendation is conditioned upon the following: (i) the Defendant testifies truthfully during the change of plea hearing, (ii) the Defendant cooperates with the Probation Office in the preparation of the Pre-sentence Report, and (iii) the Defendant commits no further acts inconsistent with acceptance of responsibility. U.S.S.G. § 3E1.1. The parties agree that other than as provided for herein no other Chapter 3 adjustments apply.

e. <u>Criminal History Category</u>. Based on information available at this time, the parties believe that the Defendant's criminal history category is **I**. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The Defendant's actual criminal history and related status (which might impact the Defendant's adjusted offense level) will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.

f. <u>Guideline Range</u>. If the adjusted offense level is **23**, and the criminal history category is **I**, the Sentencing Guidelines range is **46** to **57** months' imprisonment.

g. <u>Fine</u>. If the adjusted offense level is **23**, the applicable fine range is **$20,000** to **$200,000**. U.S.S.G. § 5E1.2(c)(3).

h. <u>Supervised Release</u>. The Sentencing Guidelines call for a term of supervised release of between one and three years for Count 1. U.S.S.G. § 5D1.2.

i. <u>Sentencing Recommendation and Departures</u>. The parties reserve the right to make departure motions and to oppose any such motions made by the opposing party. The parties also reserve the right to argue for a sentence outside the advisory guidelines range.

6.  **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable guideline factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines that the applicable guideline calculations or the Defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the Defendant will be sentenced pursuant to the Court's determinations.

7.  **Special Assessments**. The Sentencing Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the Defendant is convicted. U.S.S.G. § 5E1.3. The Defendant agrees to pay the special assessment prior to sentencing.

8.  **Forfeiture**. The Defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearm with accessories and any ammunition involved in the Defendant's violation of Title 18, United States Code, Section 922, including specifically but not limited to the Mossberg model MC2C 9mm semiautomatic pistol bearing serial number 017520MC, together with ammunition, as well as the following firearms, together with ammunition: a Taurus model G2C 9mm semiautomatic pistol bearing serial number 1C020445; a Ruger model Security-9 9mm semiautomatic pistol bearing serial number 38463707; a Glock model 19 9mm semiautomatic pistol bearing serial number BTNX619;

a Glock model G43X 9mm semiautomatic pistol bearing serial number BTTU573; a Beretta model APX 9mm semiautomatic pistol bearing serial number A152030X; a Springfield Armory model XDS 9mm semiautomatic pistol bearing serial number BA456304; a FNH model 503 9mm semiautomatic pistol bearing serial number CV016470; a Glock model 26 9mm semiautomatic pistol bearing serial number AFVB754; a Glock model 43X 9mm semiautomatic pistol bearing serial number BTTU0778; a Stoeger model STR-9C 9mm semiautomatic pistol bearing serial number T642921S02199; a Ruger model EC95 9mm semiautomatic pistol bearing serial number 45955269; a Glock model 45 9mm semiautomatic pistol bearing serial number BSTE309; a Glock model 19X 9mm semiautomatic pistol bearing serial number BUCB186; a Glock model G19 9mm semiautomatic pistol bearing serial number BSXE226; a Mossberg model MC2C 9mm semiautomatic pistol bearing serial number 014211MC; a Glock model 26 9mm semiautomatic pistol bearing serial number AFVC844; a Glock model 23 .40 caliber semiautomatic pistol bearing serial number BUGF388; a Glock model 21 .45 caliber semiautomatic pistol bearing serial number AFUV823; a Glock model 19 9mm semiautomatic pistol bearing serial number BUBY049; a Glock model G17 9mm semiautomatic pistol bearing serial number BUGR628; a Glock model 30 .45 caliber semiautomatic pistol bearing serial number BTEW814; a Ruger model 57 5.7x28 caliber semiautomatic pistol bearing serial number 64322362; a Glock model G19 9mm semiautomatic pistol bearing serial number BUAS957; a Radical Firearms model RF-15 .556 caliber semiautomatic pistol bearing serial number 21046140; a Glock model 26 9mm semiautomatic pistol bearing serial number AFSE457; a Glock model 19 9mm

semiautomatic pistol bearing serial number AFYL242; a Glock model 43X 9mm semiautomatic pistol bearing serial number BUHT553; a Glock model 26 9mm semiautomatic pistol bearing serial number SBU095; a SAR-Iraola Salaverria model B6C 9mm semiautomatic pistol bearing serial number T110221G50080; a Taurus model G3C 9mm semiautomatic pistol bearing serial number 1KA06796; a Taurus model G2C 9mm semiautomatic pistol bearing serial number 1C073052; and a Glock model 26 9mm semiautomatic pistol bearing serial number AGBR071.

The Defendant further agrees that, pursuant to Fed. R. Crim. P. 32.2(b)(2) and (3), the Court may enter a Preliminary Order of Forfeiture for the above-described forfeitable property immediately upon the entry of the Defendant's guilty plea, which order will be final as to the Defendant immediately upon filing of the Preliminary Order of Forfeiture. The order of forfeiture shall be made a part of the Defendant's sentence and included in the Judgment.

The Defendant also agrees that the United States may forfeit any and all other property subject to forfeiture as a result of the Defendant's plea by any means provided by law.

9. **Complete Agreement.** This, along with any agreement signed by the parties before the entry of the plea, is the entire agreement and understanding between the United States and the Defendant.

Dated: 3/03/2022

CHARLES J. KOVATS, JR.
Acting United States Attorney

BY: THOMAS CALHOUN-LOPEZ
Assistant United States Attorney

Dated: 3-3-22

JEROME FLETCHER HORTON, JR.
Defendant

Dated: 3-3-22

KEALA C. EDE
Counsel for Defendant

8